UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMANDA NICOLE OLASCOAGA CRUZ,

                          Plaintiff,

           v.

AMAZON.COM SERVICES LLC,

                          Defendant.

**MEMORANDUM AND ORDER**
21-CV-3092 (LDH) (VMS)

---

LASHANN DEARCY HALL, United States District Judge:

      Amanda Nicole Olascoaga Cruz ("Plaintiff"), proceeding pro se, brings this action against Amazon.com Services, LLC ("Defendant"), alleging national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act. Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[1]

      Plaintiff is a Hispanic female who worked for Defendant from September 2019 through March 2021. (Compl. at 3, ECF No. 1.) Plaintiff does not describe the position for which she was hired, but alleges that, as of the date of her termination, she worked as a "packer." (*Id.*) Plaintiff alleges that although she applied for "many promotion[s]" and "had a perfect work rating," she was never promoted. (*Id.*) Plaintiff alleges further that "the only employees who were promoted were Asian and African American." (*Id.*)

      According to the complaint, Plaintiff was terminated "due to reporting an incident" to her manager and the human resources department. (*Id.*) Although the complaint does not detail the

---

[1] The following facts taken from the complaint (ECF No. 1) are assumed to be true for the purpose of this memorandum and order.

incident, the charge filed with the Equal Employment Opportunity Commission ("EEOC") alleges that she reported that an employee said "fuck you" to another employee. (*Id.* at 6.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs

2

asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant argues that Plaintiff's discrimination claim must be dismissed because Plaintiff has failed to allege facts demonstrating that she was qualified for the positions for which she allegedly applied or that Defendant's alleged decision not to promote Plaintiff was due to her being a Hispanic woman. (*See* Def.'s Mem. Supp. Mot. to Dismiss ("Def.'s Mem.") at 5, ECF No. 23.) The Court agrees.

To state a discrimination claim under Title VII, a plaintiff need only allege "that he is a member of a protected class, was qualified for the job held, suffered an adverse employment action, and can minimally support a claim that the employer was motivated by discriminatory intent." *Mauro v. N.Y.C. Dep't of Educ.*, No. 21-2671, 2022 WL 17844438, at *1 (2d Cir. Dec. 22, 2022) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)), Nevertheless, the complaint must still allege facts that "*plausibly* give rise to an inference of unlawful discrimination[.]" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (emphasis in original). Under a failure-to-promote theory of liability, a plaintiff can establish this inference by alleging "she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Grimes v. Sil*, No. 19-CV-1066, 2020 WL 1516459, at *7 (E.D.N.Y. Mar. 29, 2020) (internal quotation marks and citation omitted). Critically, a plaintiff

3

must allege "that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion." *Hunt Consol. Edison Co. of N.Y., Inc.* No. 18-CV-7262, 2021 WL 3492716, at *6 (E.D.N.Y. Aug. 9, 2021) (citing *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998)). But, that is precisely what Plaintiff does here. Rather than allege specific positions for which she applied and the qualifications required therefore, Plaintiff only generally alleges that she "sought many promotions." (Compl. at 3.) This sort of generic allegation must be rejected as insufficient to support a claim of discrimination. *See Rivera v. JP Morgan Chase*, 815 F. App'x 603, 606 (2d Cir. 2020) (affirming dismissal of complaint where plaintiff generally alleged that he requested promotions and was denied on the basis of race).

Even if Plaintiff had specified the positions for which she applied, she fails to sufficiently allege that she was qualified for those positions. Plaintiff alleges that she had a perfect work rating. (Compl. at 3.) But, even drawing all inferences in favor of Plaintiff, this allegation is insufficient to allow the Court to conclude that a perfect work rating alone rendered Plaintiff qualified for the positions she sought. The complaint also fails to plead sufficiently that any failure to promote Plaintiff can be attributed in any way to discrimination. Although direct evidence of discrimination, such as a statement by the employer that it is not promoting an employee because of her race, would suffice to state a claim, it is not required. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Still, a plaintiff must provide "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* That support can be provided by alleging that "similarly situated employees of a different race were treated more favorably[.]" *Antrobus v. City of New York*, No. 19-CV-6277, 2022 WL 4643018, at *4 (E.D.N.Y. Sept. 30, 2022). Here, Plaintiff alleges only that Black and Asian

4

candidates were selected over her. (Compl. at 5.) This allegation is insufficient because Plaintiff fails to allege that those candidates were "similarly situated in all material respects." *Antrobus*, 2022 WL 4643018, at *4. Indeed, Plaintiff provides no detail at all about the other candidates other than their race. Accordingly, Plaintiff's Title VII discrimination claim must be dismissed.

As to the retaliation claim, Defendant argues that it is ripe for dismissal because Plaintiff fails to allege that she engaged in a protected activity. On this too, the Court agrees. To plead she engaged in a protected activity, a plaintiff must allege that she had a "'a good faith, reasonable belief that [she] was opposing an employment practice made unlawful by Title VII.'" *Kelly v. Howard I. Shapiro Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (quoting *McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001)). Here, Plaintiff alleges that she "was terminated due to reporting a[n] incident that occurred at the job location with a[n] employee saying 'Fuck You' to another employee." (*See* Compl. at 6.) As alleged, this incident does not implicate conduct prohibited by Title VII, nor does it allow for the inference that Plaintiff reasonably believed that it did. Accordingly, Plaintiff's retaliation claim must be dismissed.[2]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint is GRANTED. The Court grants Plaintiff 30 days to amend her complaint to correct the deficiencies identified above. *See Reynoso v. DeJoy*, No. 21-CV-6237, 2021 WL 6125582, at *2 (E.D.N.Y. Dec. 28, 2021) (granting pro se plaintiff leave to amend Title VII complaint). Should Plaintiff elect to file

---

[2] Defendant also argues that any workplace safety claim alleged by Plaintiff must be dismissed. (Def.'s Mem. in Supp. Mot. to Dismiss ("Def.'s Mem.") at 6–7, ECF No. 23.) While the Court agrees that only the Secretary of Labor can enforce the Occupational Safety and Health Act ("OSHA"), *see Donovan v. Occupational Safety & Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983), Plaintiff's complaint does not allege a claim for violation of OSHA. Accordingly, Defendant's motion to dismiss such a claim is denied.

an amended complaint, she must allege facts that support the elements of the claims. Plaintiff must provide facts sufficient to allow Defendant to have a fair understanding of what Plaintiff is complaining about and to know whether there is a legal basis for recovery. The amended complaint must be captioned as an "Amended Complaint," and bear the docket number 21-CV-03092 (LDH) (VMS). Any amended complaint will replace the original complaint and must stand on its own without reference to the original complaint. Failure to file an amended complaint within 30 days will result in dismissal of this case.

                                                                     SO ORDERED.

Dated: Brooklyn, New York                 /s/ LDH
       March 27, 2023                           LaSHANN DeARCY HALL
                                                  United States District Judge