UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMANDA NICOLE OLASCOAGA CRUZ,

Plaintiff,

-against-

AMAZON FULFILLMENT,

Defendants.

---

**MEMORANDUM AND ORDER**
21-cv-3092 (LDH) (VMS)

Amanda Nicole Olascoaga Cruz ("Plaintiff"), proceeding pro se, brings the instant action against Amazon.com Services LLC ("Amazon"), asserting claims of wrongful termination, failure to promote, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint in its entirety.

## BACKGROUND[1]

Plaintiff began employment with Amazon in Orlando, Florida on September 20, 2019. (Am. Compl. at 5, ECF No. 28.) At some point she was transferred to an Amazon Fulfillment Center in Staten Island, New York. (*Id.*) While Plaintiff worked at the Staten Island Fulfillment Center, another employee swore at a coworker and "invaded her space." (*Id.* at 11.) When Plaintiff complained on December 1, 2020, no corrective action was taken. (*Id.*) In another incident, a group of Amazon employees approached her and said, "fucking latin bitch." (*Id.*)

---

[1] The following facts are taken from the amended complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

One employee pulled Plaintiff's hair.  (*Id.*)  Plaintiff reported the incident to the human resources department.  (*Id.*)

Sometime in January 2021, Plaintiff applied for positions within Amazon to work as a process assistant and an ambassador.  (*Id.*)  She was turned down from both positions, "despite being a top working employee at Amazon."  (*Id.*)  On February 16, 2021, the area manager, Ryan Tenney, threatened Plaintiff that he would terminate her for insubordination, even though she always did her work and performed well.  (*Id.*)  On February 28, 2021, Plaintiff filed a statement with human resources informing the office about the February 16 incident.  (*Id.*)

On February 27, 2021, Plaintiff was transferred to the shipdock department.  (*Id.* at 12.)  Plaintiff was supposed to begin training on March 7, 2024, but the associate assigned to train her, along with another coworker, refused to perform the training.  (*Id.* at 12.)  On that same day, human resources generalist, Samiul Karim, attempted to "bully" Plaintiff and a coworker into signing a document without reading it and that he threatened to give them "Time Off Task" for failing to the sign the document.  (*Id.*)  Less than an hour later, Karim and Therese Roque, an operations manager, intimidated Plaintiff and her coworker during an unspecified training, and Roque forced Plaintiff to leave the building.  (*Id.*)

On her second day of training, Plaintiff was asked to lift between 100 and 150 pounds without proper safety equipment.  (*Id.*)  On March 15, 2021, Plaintiff was asked again to lift palettes that weighed between 100 and 150 pounds.  (*Id.*)  When Plaintiff expressed concern that she could not do that work without assistance, she was fired.  (*Id.* at 12–13.)

On April 30, 2021, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that she did not receive these promotions because of her Hispanic identity.  (*Id.* at 8.)  She commenced this action on June 10, 2021.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendants' liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of defendants' liability, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Id.; Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the court must accept the factual allegations of the complaint as true." *Morris*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999) (citations omitted).

**DISCUSSION**

Construing Plaintiff's Amended Complaint liberally and in light of her pro se status, she advances four claims pursuant to Title VII. *First*, she claims that Defendant failed to promote her because she is ethnically Hispanic. *Second*, she claims that she was the target of a hostile work environment due to her Hispanic ethnicity. *Third*, she claims that she was wrongfully terminated because of her Hispanic ethnicity. *Fourth*, she claims that Defendant retaliated against her for complaining about being treated differently than other employees as a Hispanic woman. (*See* Am. Compl. at 4, 11–12.) The Court addresses each in turn.

## I.     Failure to Promote

Plaintiff claims that Defendant failed to promote her because she is a Hispanic woman.
Defendant counters that Plaintiff's failure to promote claim should be dismissed because the
Amended Complaint is devoid of details linking her race or national origin to its decision not to
hire her for the positions she sought.  (Def.'s Mem. of L. in Supp. of Mot. to Dismiss ("Def.'s
Mem.") at 8, ECF No. 32.)  The Court agrees with Defendant.

The standard for a plaintiff alleging discriminatory failure to promote is well-established.
A plaintiff must allege that: "(1) she is a member of a protected class; (2) she 'applied and was
qualified for a job for which the employer was seeking applicants'; (3) she was rejected for the
position; and (4) the position remained open and the employer continued to seek applicants
having the plaintiff's qualifications." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir.
1998) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  To survive a
motion to dismiss a failure to promote claim, a plaintiff must "allege that she [] applied for an
available position for which she was qualified, but was rejected under circumstances which give
rise to an inference of unlawful discrimination." *Brown*, 163 F.3d at 710 (quoting *Texas Dep't of
Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Plaintiff alleges in her Amended Complaint that she "applied for the process assistant []
position and ambassador position" and that she "never got a call back."  (Am. Compl. at 5.E, 11.)
Those two statements are the only allegations in the Amended Complaint about her unsuccessful
applications.  Although Plaintiff also alleges that she was "a top working employee at Amazon,"
(*id.* at 11), she does not include any facts regarding her qualifications for the positions to which
she applied. *Cf McKenzie v. Grand Central Partnership*, 14-CV-6549 (KAM) (LB), 2016 WL
1180191, at *5 (E.D.N.Y. Mar. 25, 2016) (finding plausible failure to promote claim in

4

complaint that alleged that the plaintiff was qualified for the position).  Nor does she allege who, or if anyone, was hired instead of her.  *See Adams v. Foot Locker Retail, Inc.*, No. 08 CIV.5627 DC, 2008 WL 4571550, at *1 (S.D.N.Y. Oct. 8, 2008) (dismissing failure to hire claim because the "[p]laintiff fail[ed] to detail . . . his qualifications for these positions[] and, who was hired instead of him").  Nor does she allege who made hiring decisions or whether that person knew her ethnicity.  *Cf. Woodman v. WWPR-TV, Inc.*, 411 F.3d 69, 87–88 (2d Cir. 2005) (finding that the plaintiff's proffer of evidence that some of the defendant's employees knew of her protected status did not permit an inference that those employees who actually participated in her termination had such knowledge).  These allegations simply will not do.  *Lashley v. New York Univ.*, No. 22-CV-1054 (LDH) (RML), 2023 WL 6385724, at *4 (E.D.N.Y. Sept. 29, 2023) ("[I]t is insufficient for a plaintiff to merely assert that on several occasions she requested a promotion.").  Plaintiff's failure to promote claim is dismissed.

## II.     Hostile Work Environment

Plaintiff alleges that she experienced a hostile work environment because of her Hispanic ethnicity while working as an Amazon employee.  Defendant argues that the allegations in the Amended Complaint cannot support such a claim.  (Def.'s Mem. at 9.)  Defendant is correct.

In order to prevail on a hostile work environment claim, a plaintiff must make two showings:  (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and (2) that there is a specific basis for imputing the conduct creating the hostile work environment to the employer.  *Summa v. Hofstra Univ.*, 708 F.3d 115, 123–24 (2d Cir. 2013).  The factors courts consider in determining whether an environment is sufficiently hostile include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003).

Although Plaintiff alleges several instances of hostility toward her, none of these allegations appear connected to her ethnicity as a Hispanic woman. For example, she alleges that on July 15, 2020, an unknown African American male employee told her mother, "fuck you." (Am. Compl. at 11.) Nothing about that allegation, however, suggests the comment was motivated by discriminatory animus. Plaintiff also alleges that various supervisors attempted to "intimidate" and "bully" her. (*Id.* at 11–12.) Those allegations similarly fail to connect the hostility that Plaintiff purportedly endured with her Hispanic ethnicity. Rather, these allegations describe facially neutral incidents that, without more, fail to raise an inference of discrimination. *See Lawson v. City of N.Y.*, 10 CV 5238 (RJD) (CLP), 2013 WL 6157175, at *26 (E.D.N.Y. Nov. 21, 2013) ("Facially neutral incidents may be sufficient to establish a hostile work environment claim, but it requires some basis for inferring that the incidents race-neutral on their face were in fact discriminatory."); *Rivera v. Rochester Genesee Reg. Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (observing that "it is axiomatic that mistreatment at work" is actionable "only when it occurs because of an employee's protected characteristics.") (internal quotation marks omitted).

The Amended Complaint contains only one allegation of discrimination based on racial animus. According to Plaintiff, a group of Amazon employees called her a "fucking latin bitch" and pulled her hair. (Am. Compl. at 11.) That lone incident cannot support a hostile work environment claim on its own. *See Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000) ("Usually, a single isolated instance of harassment will not suffice to establish a hostile work environment unless it was 'extraordinarily severe.'"). While the Second Circuit has held

that a single physical assault may be sufficiently severe, those cases presented extreme physical contact that "can and d[id] transform the plaintiff's workplace." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002); *see, e.g.*, *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004) (reversing the district court's dismissal of the plaintiff's § 1981 claims against one of the defendants involved in an incident where the plaintiff "was punched in the ribs and temporarily blinded by having mace sprayed in his eyes"); *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 437 (2d Cir. 1999) (observing that a single sexual assault may be sufficient to alter the terms and conditions of the victim's employment); *Jean-Louis v. Am. Airlines*, No. 08–CV–3898 (FB), 2010 WL 3023943, at *5 (E.D.N.Y. Jul. 30, 2010) (finding plausible hostile work environment claim where the plaintiff was punched in the face after a racial remark and required medical treatment).  Plaintiff's alleged run-in with unidentified Amazon employees, while offensive and menacing, "is not the sort of extraordinarily severe or egregious incident that may by itself transform workplace conditions into a hostile work environment." *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 263 (E.D.N.Y. 2009) (holding that an alleged comment to the plaintiff that "one day we are going to come in and there's going to be a rope hanging from the ceiling and guess who is going to be hanging from it" did not support a hostile work environment on its own); *De La Pena v. Metro. Life Ins. Co.*, 953 F.Supp.2d 393, 417 (E.D.N.Y. 2013) ("In this case, the Plaintiff merely complains of being physically contacted on the shoulder and pushed forward into a desk. There are no further allegations that he incurred any injury or sought further medical attention.").  Put differently, Plaintiff's allegations are insufficient to "nudge" plaintiff's hostile work environment claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

7

In any event, Plaintiff alleges that she reported the episode between her and the other amazon employees to the human resources department and she does not allege any reprisals from those employees.  (Am. Compl. at 11.)  Where a plaintiff alleges harassment attributable to a co-worker, the employer will be liable only where "the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it."  *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011) (internal quotation marks and citation omitted).  On the facts alleged in the Amended Complaint, the Court cannot infer that Defendant "provided no reasonable avenue for complaint" or "did nothing" about her complaints.  *See Alexander v. Westbury Union Free School Dist.*, 829 F.Supp.2d 89, 106 (E.D.N.Y. Nov. 4, 2011) (finding no dispute that the defendant employer exercised reasonable care in responding to the plaintiff's complaint of harassment by a coworker).

Because Plaintiff has failed to allege sufficient facts from which the Court may draw a reasonable inference that she encountered severe or pervasive hostility due to her identity as a Hispanic woman, her hostile work environment claim is dismissed.

## III.    Wrongful Termination

Plaintiff claims that her termination was a form of retaliation by Defendant for complaining about her discriminatory treatment.  (Am. Compl. at 8.)  Defendant argues that the allegations in the Amended Complaint cannot support an inference that it terminated Plaintiff based on animus toward her Hispanic ethnicity.  (Def.'s Mem. at 13.)  The Court finds Defendant's argument persuasive.

Under Title VII, "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, . . . because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2.  To establish a *prima facie* claim of wrongful termination, a

plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001). "In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of [] discriminatory intent [based on race, gender or national origin]." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994) (internal citations omitted).

Here, even a liberal construction of Plaintiff's allegations cannot support a reasonable inference that her termination arose from animus toward her Hispanic ethnicity. Plaintiff alleges that she was fired after expressing concern she could not lift 100 to 150 pounds without assistance. (Am. Compl. at 12–13.) However, nothing in the Amended Complaint plausibly suggests that she was fired because of her Hispanic ethnicity. *See, e.g.*, *De Jesus–Keolamphu v. Village of Pelham Manor,* 999 F. Supp. 556, 565 (S.D.N.Y. 1998) (rejecting granting summary judgment against the plaintiffs because they adduced no facts that any actions taken were motivated by racial animus). Plaintiff does not allege, for example, that her supervisors ever made any remarks with respect to her identity on that occasion or on any prior occasion. Instead, the Amended Complaint itself leads to a plausible inference that Plaintiff was fired because she could not perform a specific task assigned to her, a justification untethered to the sort of discriminatory animus Title VII seeks to root out. At bottom, Plaintiff's allegations do "little more than cite to [her] mistreatment and ask the court to conclude that it must have been related to [her] race [or national origin]." *Hitchins v. NYC Dep't of Educ.*, No. 11–CV–4180 (RRM)

(RML), 2013 WL 1290981, at *4 (E.D.N.Y. Mar. 28, 2013).  Plaintiff's wrongful termination claim is dismissed.

## IV.    Retaliation

Plaintiff claims that her termination was a form of retaliation by Defendant for complaining about her discriminatory treatment.  (Am. Compl. at 12–13.)  Defendant maintains that this claim is defective because Plaintiff cannot connect her termination with her complaints of discrimination.  (Def.'s Mem. at 13.)  The Court agrees.

"To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there existed a causal connection between the protected activity and the adverse action."  *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007).

Plaintiff's retaliation claim does not allege a plausible causal connection between her complaint of discrimination and her termination.  Plaintiff filed her EEOC complaint more than a month *after* she was terminated.  *Matthew v. JPMorgan Chase Bank*, N.A., No. 17-CV-3594 (RRM) (ARL), 2020 WL 2523064, at *6 (E.D.N.Y. May 18, 2020) (finding no causal connection where the plaintiff did not file a charge of discrimination until three months after she was terminated).  And, Plaintiff's only allegation that she complained about racial discrimination came on December 1, 2020, when she made a complaint to human resources after she was attacked and called a "latin bitch." (Am. Compl. at 11.)  While "[o]ral complaints can constitute protected activity," *Matthew*, 2020 WL 2523064, at *5, Plaintiff was terminated on March 15, 2021, more than three months later.  Without more, the Court will not infer a relationship between those two events.

Case 1:21-cv-03092-LDH-VMS   Document 37   Filed 03/29/24   Page 11 of 11 PageID #: 215

Moreover, given that Plaintiff alleges that she was terminated after raising concerns that she was not able to perform a task assigned to her, her retaliation claim fails for the same reason her wrongful termination claim cannot succeed.  That is, the Amended Complaint itself alleges that the reason for her termination was that she could not perform a task assigned to her.  Therefore, Plaintiff has not established a causal connection between her alleged complaints and her termination.  Her retaliation claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED with prejudice.[2]

SO ORDERED.

Dated: Brooklyn, New York
       March 29, 2024

/s/ LDH_____
LASHANN DEARCY HALL
United States District Judge

---

[2] Pursuant to Federal Rule of Civil Procedure 15, the "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, where any amendment to the complaint would clearly be futile, dismissal without leave to re-plead is appropriate.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it . . . . Such a futile request to replead should be denied.").  Given that Plaintiff has already amended her complaint once and the substantive deficiencies in the amended complaint, even with a liberal reading, repleading would be futile.